June 16, 2017

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY**
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.org

**RECEIVED**

**JUN 2 3 2017**

FERRELL COURT SERVICES

CASE No. 2017 L 000847

DATE: June 16, 2017

VONTRELL MILLER

**PLAINTIFF**

VS.

HOLT MARTY J AS REPRESENTATIVE OF THE EST OF GLEN DALE HOLT
440 N HAWKINS
SIKESTON, MO 63801

**DEFENDANT**

DEFENDANT: HOLT MARTY J AS REPRESENTATIVE OF THE EST OF GLEN DALE HOLT

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this June 16, 2017.

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

BY: _____
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
JONATHAN P. MINCIELI
MEYERS & FLOWERS LLC
3 N 2ND ST STE 300
ST CHARLES, IL 60174

Date of Service: _June 23_, 20_17_. 4:40 PM
(To be inserted by officer on the copy left with the defendant or other person)

1 of 2

The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.

**EXHIBIT A**

Case Number 2017L 000847
Transaction ID: 60733393
Date: Jun 15 2017 11:47AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illi

IN THE CIRCUIT COURT
OF MADISON COUNTY, ILLINOIS
LAW DIVISION

| | |
|---|---|
| VONTRELL MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 17-L-____ |
| ) | Jury Trial Requested |
| MARTY J. HOLT, AS REPRESENTATIVE OF ) | |
| THE ESTATE OF GLEN DALE HOLT, ) | |
| URSA MAJOR CORPORATION d/b/a ) | |
| URSA LOGISTICS, URSA LOGISTICS, INC., ) | |
| URSA TRANSPORT, INC., ) | |
| URSA TRANSPORTATION SERVICES, INC., ) | |
| URSA GROUP, LLC, SCOTT MIELNICKI, ) | |
| And USF HOLLAND, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, VONTRELL MILLER, by and through his attorneys MEYERS & FLOWERS, LLC and GROSSMAN LAW OFFICES and as and for his Complaint at Law against the Defendants, MARTY J. HOLT, AS REPRESENTATIVE OF THE ESTATE OF GLEN DALE HOLT, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS, URSA LOGISTICS, INC., URSA TRANSPORT, INC., URSA TRANSPORTATION SERVICES, INC., URSA GROUP, INC., SCOTT MIELNICKI and USF HOLLAND, INC., and states as follows:

### COMMON ALLEGATIONS

1.  That at all times relevant hereto, Plaintiff, VONTRELL MILLER was a citizen of the State of Illinois, residing in Alton, Madison County, Illinois.

2.  That at all times relevant hereto, Defendant URSA MAJOR CORPORATION d/b/a URSA LOGISTICS, was a Wisconsin company, with its principle place of business in, upon information and belief, Milwaukee County, Wisconsin.

1

To: 14144368873   From: 15732623478   Date: 06/28/17   Time: 11:35 AM   Page: 04

3. That at all times relevant hereto, GLEN DALE HOLT was a resident of Morely, Scott County, Missouri.

4. That GLEN DALE HOLT, died on or about June 24,015 and his Estate, has been named as the party Defendant herein.

5. That at all times relevant hereto, Defendant URSA LOGISTICS, INC. was a Wisconsin company, with its principle place of business in, upon information and belief, Waukesha County, Wisconsin.

6. That at all times relevant hereto, Defendant URSA TRANSPORT, INC. was a Wisconsin company, with its principle place of business in, upon information and belief, Waukesha County, Wisconsin.

7. That at all times relevant hereto, Defendant URSA TRANSPORTATION SERVICES, INC. was a Wisconsin company, with its principle place of business in, upon information and belief, Waukesha County, Wisconsin.

8. That at all times relevant hereto, Defendant URSA GROUP, LLC was a Wisconsin company, with its principle place of business in, upon information and belief, Waukesha County, Wisconsin.

9. That at all times relevant hereto, Defendant SCOTT MIELNICKI was a resident of the State of Michigan, residing at 21093 Forrest Villa Drive, Macomb, Michigan.

10. That at all times relevant hereto, Defendant USF HOLLAND, INC. was a foreign corporation, with its principal place of business in, upon information and belief, Allegan, Michigan.

11. That on or about June 24, 2015, GLEN DALE HOLT, was an agent and/or employee of Defendant, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS.

2

12. That on or about June 24, 2015, GLEN DALE HOLT, was an agent and/or employee of Defendant, URSA LOGISTICS, INC.

13. That on or about June 24, 2015, GLEN DALE HOLT, was an agent and/or employee of Defendant, URSA TRANSPORT, INC.

14. That on or about June 24, 2015, GLEN DALE HOLT, was an agent and/or employee of Defendant, URSA TRANSPORTATIONS SERVICES, INC.

15. That on or about June 24, 2015, GLEN DALE HOLT, was an agent and/or employee of Defendant, URSA GROUP, LLC.

16. That on or about June 24, 2015, Defendant SCOTT MIELNICKI, was an agent and/or employee of Defendant, USF HOLLAND, INC.

17. That on or about June 24, 2015, while in the course of his aforementioned agency and/or employment, GLEN DALE HOLT, was operating a 2015 Volvo semi-truck and trailer (the "Ursa Vehicle") traveling northbound on Interstate 57 at or near mile marker 159 in Effingham, Illinois.

18. That the aforementioned Volvo semi-truck and/or trailer were owned by Defendant, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS.

19. That the aforementioned Volvo semi-truck and/or trailer were owned by Defendant, URSA LOGISTICS, INC.

20. That the aforementioned Volvo semi-truck and/or trailer were owned by Defendant, URSA TRANSPORT, INC.

21. That the aforementioned Volvo semi-truck and/or trailer were owned by Defendant, URSA TRANSPORTATIONS SERVICES, INC.

Case 3:17-cv-00679-SMY-RJD Document 1-1 Filed 06/29/17 Page 5 of 19 Page ID #9
To: 14144368873 From: 15732623478 Date: 06/28/17 Time: 11:35 AM Page: 06

22. That the aforementioned Volvo semi-truck and/or trailer were owned by Defendant, URSA GROUP, LLC.

23. That on or about June 24, 2015, the Plaintiff, VONTRELL MILLER was operating a 2014 Freightline tractor and trailer (the "Miller Vehicle"), traveling northbound on Interstate 57 at or near mile marker 159 in Effingham County, Illinois.

24. That on or about June 24, 2015, while in the course of his aforementioned agency and/or employment with the Defendant USF HOLLAND, INC., Defendant, SCOTT MIELNICKI was operating a 2005 International tractor and trailer (the "Mielnicki Vehicle"), traveling northbound on Interstate 57 at or near mile marker 159 in Effingham County, Illinois.

25. That at all times relevant, the Plaintiff, VONTRELL MILLER, was operating his vehicle in a prudent and careful manner.

26. That on or about June 24, 2015, at approximately 12:17 a.m., the Plaintiff, VONTRELL MILLER slowed the Miller Vehicle and came to a stop due to construction traffic on Interstate 57.

27. That on or about June 24, 2015, at approximately 12:17 a.m., the Defendant SCOTT MIELNICKI, failed to slow and stop for traffic which had come to a stop due to road construction and struck from behind with great force, the Miller Vehicle.

28. That on or about June 24, 2015, GLEN DALE HOLT failed to slow and stop for traffic which had come to a stop due to road construction and struck from behind with great force, the Mielnicki Vehicle, causing the Ursa Vehicle and the Mielnicki Vehicle to collide from behind with the Miller Vehicle.

## COUNT I
## PLAINTIFF v. MARTY J. HOLT, AS REPRESENTATIVE OF THE ESTATE OF GLEN DALE HOLT

29. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 29 of this Count I, as though fully set forth herein.

30. That at all times relevant, GLEN DALE HOLT, had a duty to operate his semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

31. That in violation of the aforementioned duties, GLEN DALE HOLT, was guilty of one or more of the following acts and/or omissions constituting negligence:

    a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

    b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

    c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

    d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

    e. Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

    f. Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

    g. Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

  h. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

  i. Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

  j. Was otherwise careless and reckless.

32. As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of GLEN DALE HOLT, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

33. That GLEN DALE HOLT died as a result of the crash on June 24, 2015, so this Count I is brought against the named Defendant MARTY J. HOLT, AS REPRESENTATIVE OF THE ESTATE OF GLEN DALE HOLT.

WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant MARTY J. HOLT, AS REPRESENTATIVE OF THE ESTATE OF GLEN DALE HOLT, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT II
## PLAINTIFF v. URSA MAJOR CORPORATION d/b/a URSA LOGISTICS

34. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 34 of this Count II, as though fully set forth herein.

35. That at all times relevant, Defendant, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS, had a duty, by and through its employees and/or agents, including GLEN DALE HOLT, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

36. That in violation of the aforementioned duties, Defendant, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS, by and through its employee and/or agent, GLEN DALE HOLT, was guilty of one or more of the following acts and/or omissions constituting negligence:

    a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

    b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

    c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

    d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

    e. Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

    f. Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

    g. Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

    h. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

    i. Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

    j. Was otherwise careless and reckless.

37. As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS by

and through its employee and/or agent GLEN DALE HOLT, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant URSA MAJOR CORPORATION d/b/a URSA LOGISTICS, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT III
## PLAINTIFF v. URSA LOGISTICS, INC.

38. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 38 of this Count III, as though fully set forth herein.

39. That at all times relevant, Defendant, URSA LOGISTICS, INC. had a duty, by and through its employees and/or agents, including GLEN DALE HOLT, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

40. That in violation of the aforementioned duties, Defendant, URSA LOGISTICS, INC. by and through its employee and/or agent, GLEN DALE HOLT, was guilty of one or more of the following acts and/or omissions constituting negligence:

    a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

    b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

    c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

    d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

8

    e.    Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

    f.    Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

    g.    Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

    h.    Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

    i.    Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

    j.    Was otherwise careless and reckless.

41.    As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, URSA LOGISTICS, INC. by and through its employee and/or agent GLEN DALE HOLT, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant URSA LOGISTICS, INC. for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT IV
## PLAINTIFF v. URSA TRANSPORT, INC.

42.    Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 42 of this Count IV, as though fully set forth herein.

43.    That at all times relevant, Defendant, URSA TRANSPORT, INC. had a duty, by and through its employees and/or agents, including GLEN DALE HOLT, to operate its semi-truck

9

and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

44.  That in violation of the aforementioned duties, Defendant, URSA TRANSPORT, INC. by and through its employee and/or agent, GLEN DALE HOLT, was guilty of one or more of the following acts and/or omissions constituting negligence:

a.  Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

b.  Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

c.  Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

d.  Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

e.  Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

f.  Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

g.  Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

h.  Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

i.  Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

j.  Was otherwise careless and reckless.

45.  As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, URSA TRANSPORT, INC. by and through its employee and/or

agent GLEN DALE HOLT, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant URSA TRANSPORT, INC. for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT V
## PLAINTIFF v. URSA TRANSPORTATION SERVICES, INC.

46. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 46 of this Count V, as though fully set forth herein.

47. That at all times relevant, Defendant, URSA TRANSPORTATION SERVICES, INC. had a duty, by and through its employees and/or agents, including GLEN DALE HOLT, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

48. That in violation of the aforementioned duties, Defendant, URSA TRANSPORTATION SERVICES, INC. by and through its employee and/or agent, GLEN DALE HOLT, was guilty of one or more of the following acts and/or omissions constituting negligence:

  a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

  b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

  c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

  d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby

11

    endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

  e. Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

  f. Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

  g. Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

  h. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

  i. Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

  j. Was otherwise careless and reckless.

49. As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, URSA TRANSPORTATION SERVICES, INC. by and through its employee and/or agent GLEN DALE HOLT, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

  WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant URSA TRANSPORTATION SERVICES, INC. for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT VI
## PLAINTIFF v. URSA GROUP, LLC

50. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 50 of this Count VI, as though fully set forth herein.

12

51. That at all times relevant, Defendant, URSA GROUP, LLC had a duty, by and through its employees and/or agents, including GLEN DALE HOLT, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

52. That in violation of the aforementioned duties, Defendant, URSA GROUP, LLC by and through its employee and/or agent, GLEN DALE HOLT, was guilty of one or more of the following acts and/or omissions constituting negligence:

    a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

    b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

    c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

    d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

    e. Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

    f. Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

    g. Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

    h. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

    i. Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

    j. Was otherwise careless and reckless.

53. As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, URSA GROUP, LLC by and through its employee and/or agent GLEN DALE HOLT, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant URSA GROUP, LLC for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT VII
## PLAINTIFF v. SCOTT MIELNICKI

54. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 54 of this Count VII, as though fully set forth herein.

55. That at all times relevant, Defendant, SCOTT MIELNICKI, had a duty to operate his semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

56. That in violation of the aforementioned duties, Defendant, SCOTT MIELNICKI, was guilty of one or more of the following acts and/or omissions constituting negligence:

    a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

    b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

    c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

    d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

  e. Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

  f. Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

  g. Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

  h. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

  i. Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

  j. Was otherwise careless and reckless.

57. As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, SCOTT MIELNICKI, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

  WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant SCOTT MIELNICKI, for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

## COUNT VIII
## PLAINTIFF v. USF HOLLAND, INC.

58. Plaintiff, VONTRELL MILLER, herein repeats and re-alleges paragraphs 1 through 28 of the Common Allegations as Paragraph 58 of this Count VIII, as though fully set forth herein.

59. That at all times relevant, Defendant, USF HOLLAND, INC., had a duty, by and through its employees and/or agents, including SCOTT MIELNICKI, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or death to other individuals lawfully on the roadway, including to Plaintiff, VONTRELL MILLER.

15

60. That in violation of the aforementioned duties, Defendant, USF HOLLAND, INC., by and through its employee and/or agent, SCOTT MIELNICKI, was guilty of one or more of the following acts and/or omissions constituting negligence:

   a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

   b. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway;

   c. Failed to decrease the speed of the truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

   d. Failed to operate said truck and trailer at a speed that was reasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

   e. Failed to see and observe Plaintiffs' vehicle when it could and should have been seen and observed;

   f. Followed Plaintiff's vehicle too closely in a manner that was unreasonable given the conditions of the roadway, and traffic volume and conditions thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-710;

   g. Operated said truck and trailer recklessly and with willful disregard for the safety of others in violation of 625 ILCS 5/11-503;

   h. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway;

   i. Failed to properly maintain the vehicle, specifically its braking system, in violation of 625 ILCS 5/12-101 and 301; and

   j. Was otherwise careless and reckless.

61. As a direct and proximate cause of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, USF HOLLAND, INC. by and through its employee and/or agent SCOTT MIELNICKI, the Plaintiff VONTRELL MILLER suffered severe and permanent injuries.

16

WHEREFORE, Plaintiff, VONTRELL MILLER, respectfully demands that this Honorable Court enter judgment against Defendant USF HOLLAND, INC., for an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit and for any and all such other further relief as this Court deems just and appropriate.

VONTRELL MILLER

By: _____
Jonathan P. Mincieli, One of his attorneys

### JURY DEMAND

Plaintiff, VONTRELL MILLER, does hereby request a jury on all counts.

VONTRELL MILLER,

By: _____
Jonathan P. Mincieli, One of his attorneys

**Jonathan P. Mincieli, Esq. (#6274091)**
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
(630) 232-6333

**Greg Turman, Esq.**
**Pro Hac Vice Pending**
Grossman Law Offices
5440 Harvest Hill Rd., Ste 200
Dallas, TX 75230
(214) 220-9191

Case Number 2017L 000847
Transaction ID: 60733393
Date: Jun 15 2017 11:47AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illi

# IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

Case No. _____

| Plaintiff/Petitioner | Defendant/Respondent | File Stamp |
|---|---|---|
| Vontrell Miller | MARTY J. HOLT, AS REPRESENTATIVE OF THE ESTATE OF GLEN DALE HOLT, URSA MAJOR CORPORATION d/b/a URSA LOGISTICS, URSA LOGISTICS, INC., URSA TRANSPORT, INC., URSA TRANSPORTATION SERVICES, INC., URSA GROUP, LLC, SCOTT | |

## DEMAND FOR JURY

☒ Original (JUD)  ☐ Change from non-jury (CJUD)

| ☒ PLAINTIFF  ☐ DEFENDANT | ATTORNEY |
|---|---|
| Name: Vontrell Miller | Name: Jonathan P. Mincieli |
| Address: | Address: 3 N 2nd Street, Suite 300 |
| City, State, Zip: | City, State, Zip: St. Charles, IL 60174 |
| | Telephone: (630) 232-6333 |

The plaintiff or defendant named herein demands a trial by jury in the above captioned case.

Date: 6/14/2017

☒ Plaintiff  ☐ Defendant

By: _____ Attorney

This demand must be filed by the plaintiff at the time the suit is commenced or by the defendant no later than the filing of his/her answer, otherwise it shall be deemed that the party has waived trial by jury.

PI-MISC-037 (04/09)   Original - Clerk   Copy - Party   Copy - Party